[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff, a dentist specializing in the field of endodontics, instituted the presented nine count complaint against Blue Cross and Blue Shield of Connecticut ("the defendant") and Milton Lisanski as an agent, servant or employee of the defendant advising the defendant in dental matters. The defendants have moved for a summary judgment with respect to six of the nine counts.
The complaint alleges that the plaintiff entered a written agreement with the defendant obligating the defendant to pay the plaintiff directly for services provided to members of the defendant. The plaintiff claims that in November of 1987 he was informed by the defendant of a claim for improper billing and that a meeting was held in April of 1988 with respect to that issue. At that time, the representatives of the defendant advised the plaintiff that he had billed for procedures not actually performed billed for improper procedures and billed for procedures that were CT Page 1499 not covered, i.e., "pin procedures", while actually performing "post procedures". The plaintiff further claims that he informed representatives of the defendant that he had performed all the services for which he had billed and that his billing procedures were correct pursuant to the contract between the parties. The plaintiff also claims that he presented letters from three area dentists to attest to the propriety of the plaintiff's dental and billing procedures. The plaintiff further claims that after the meeting of April 1988 he heard nothing from the defendant and continued to process his claims in the same manner as he previously had. The plaintiff also claims that in July of 1988, without further communication with him, representatives of the defendant prepared and filed with the state's attorney an affidavit claiming that the plaintiff had fraudulently billed for procedures without a reasonable explanation. The plaintiff was subsequently arrested on larceny charges. In December of 1990, the plaintiff paid the defendant the sum of $9,327, although he believed such sum was not owed by him. Also, in December of 1990, the state's attorney attempted to nolle all criminal charges but the plaintiff objected to the entry of a nolle and moved for a dismissal of the charges, which was granted by the court.
Thereafter, the plaintiff instituted the present action and defendant moves for a summary judgment with respect to the First and Sixth Counts (malicious prosecution); the Third and Fourth Counts (libel and slander);, the Eighth Count (CUTPA); and the Ninth Count (loss of consortium).
With respect to the First and Sixth Counts alleging malicious prosecution, the defendant claims that the plaintiff is unable to demonstrate the requirements to maintain such an action as set forth in McHale v. WBS Corporation, 187 Conn. 444, 447 (1982), to wit: "(1) The defendant initiated or procured the institution of criminal proceedings against the plaintiff: (2) the criminal proceedings have terminated in favor of the plaintiff; (3) the defendant acted without probable cause; and (4) the defendant acted with malice primarily for a purpose other than bringing an offender to justice."
The defendant claims that simply preparing an affidavit does amount to an initiation of a prosecution. Under McHale, supra at 449-450, no action will lie against a person who "fully and fairly states all the material facts within his knowledge to the prosecuting attorney and in good faith abides by his decision as to whether they constitute probable cause for believing that a crime CT Page 1500 has been committed." However, if a person undertakes a more vigorous role and crosses the initiation threshold, the liability of that person is determined upon whether he has acted with probable cause, with "the knowledge of facts sufficient to justify reasonable person in the belief that there are reasonable grounds for prosecuting an action."
In the present case, the plaintiff claims that the defendant did not advise the state's attorney of the position taken by the plaintiff with respect to the controversy and that they did not include in the affidavit submitted to the state's attorney that there were three physicians who supported the position of the plaintiff. The plaintiff has also presented an affidavit indicating that prior to 1985 a unit of the defendant would investigate cases of possible insurance fraud and prepare applications for arrest warrants supplied by the state's attorney's office and forwarded to the police department. In 1985, a new procedure was initiated whereby the applications for warrants were delivered by employees of the defendant directly to the state's attorney's office. Under such circumstances, the court believes that a determination as to whether the defendant initiated the institution of criminal proceedings must await further factual development.
The defendant also claims that the plaintiff must prove that criminal proceedings have terminated in favor of the plaintiff. While the charges against the plaintiff were dismissed, the defendant asserts that the payment made by the plaintiff to the defendant was part of the process by which the state agreed to nolle the charges and which eventually resulted in the dismissal of those charges. Thus, the defendant claims that our courts have never required a plaintiff to prove a favorable termination either by appointing to an adjudication on the merits or by showing affirmatively that the circumstances of the termination indicated his innocence or nonliability "so long as the proceeding has terminated without consideration." DeLaurentis v. New Haven,220 Conn. 225, 251 (1991).
The plaintiff has filed an affidavit which states, in paragraph 35 thereof, that at various times the defendant demanded payments to them including demands for $7,425 to $23,226 and $16,662.50. The affidavit also states that he was informed by his attorney that the state's attorney had offered to nolle the charges against him if an agreeable settlement could be reached with the defendant. The affidavit also states that he negotiated a CT Page 1501 settlement of the disputed claims and he agreed to that settlement on the basis of specific cases and then proceeded to bill the patients directly for those services. The defendant has not filed an affidavit in support of the motion for summary judgment and the court is unable to state, as a matter of law, that the settlement of disputed civil claims with the defendant constitutes consideration for the entry of a nolle by the state's attorney.
The defendant also claims that the plaintiff cannot demonstrate the lack of probable cause because the arrest warrant affidavit was signed by the assistant state's attorney and a judge of the Superior Court. The defendant also claims that the plaintiff made a motion to dismiss based upon lack of probable cause denied by the court. Whether facts are sufficient to establish a lack of probable cause is a question to be determined by the court except where the facts themselves are in dispute and the court may submit the issue to the jury as a mixed question of fact and law. DeLaurentis, supra at 253. In the present case, the plaintiff claims that the defendant did not turn over all relevant material to the state's attorney and certain relevant information was not included in the arrest warrant. The plaintiff also claims that the billing codes claimed to be the basis for the plaintiff's improper billing were not in existence at the time of the alleged wrongdoing. Under such circumstances, the court believes that the issue of probable cause is properly left for the determination of the jury. See Rouse v. Blue Cross and Blue Shield of Connecticut Inc., ___ CSCR ___ (1990).
In view of the absence of an affidavit on behalf of the defendant and of the material submitted by the plaintiff, the court cannot say, as a matter of law, that the plaintiff cannot prove malice.
The defendant also moves for a summary judgment with respect to the Third Count which alleges that:
 "26. On diverse dates from November, 1987 until December 13, 1990, agents, servants or employees of the defendant BC/BS made statements in the hearing of diverse persons that the plaintiff Chasen billed improperly: that he did nor perform services he billed for: that he did not record services performed: that he performed services which he should not be performing; that he committed criminal acts; and that he was found guilty of said criminal acts." CT Page 1502
The defendant asserts, in its argument, that the affidavit submitted for the arrest warrant cannot provide a basis of liability (hereinafter discussed) and therefore the defendants entitled to a summary judgment on that claim. However, the fact that an affidavit submitted for an arrest warrant does not provide a basis for liability does not establish that there is no genuine issue of material fact as to other unidentified claims that might be made by the plaintiff.
The defendant also moves for a summary judgment on the Fourth Count which is based upon a claim that the defendant submitted a false and malicious affidavit to the state's attorney's office resulting in the issuance of an arrest warrant. The court interprets the Fourth Count as alleging a claim based solely upon the execution of the affidavit in support of the arrest warrant. The memorandum filed by the plaintiff does not assert a basis for liability under the Fourth Count other than the affidavit, although various claims are made that might be encompassed by the Third Count. There is a longstanding common law rule than communications uttered or published in the course of Judicial proceedings are absolutely privileged and damages cannot be recovered for a defamatory statement even if it is published falsely and maliciously. Petyan v. Ellis, 200 Conn. 243, 245-246 (1986). Accordingly, the motion for summary judgment with respect to the Fourth Count is hereby granted.
The Eighth Count incorporates allegations from Counts One, Two, Three, Four and Five and asserts that the actions constitute a violation of the Connecticut Unfair Trade Practices Act (CUTPA) General Statutes 42-110a, et seq. The defendant moves for summary judgment noting the requirements of the so called "Cigarette Rule" as set forth in such cases as A.G. Foods, Inc. v. Pepperidge Farms, Inc., 216 Conn. 200, 215 (1990): and Vezina v. Nautilus Pools, Inc., 27 Conn. App. 810, 819 (1992). The defendant claims that the plaintiff has failed to allege a nexus to the public interest and has only alleged a private harm. The court finds that the claims of the plaintiff, if proven and believed, would be sufficient to establish a cause of action under CUTPA.
Defendant also has moved for a summary judgment on the Ninth Count which alleges a loss of consortium based upon the assumption that the summary judgment requested as to the counts designated by the defendant would be granted. CT Page 1503
Accordingly, the motion for summary judgment filed by the defendant is hereby denied with the exception as to the Fourth Count, which is hereby granted.
Rush, J.